Bartholomew, use, etc., *v.* Bartholomew.

NOYES D. BARTHOLOMEW, for the use of Luzerne Bartholomew, Plaintiff in Error, *v.* AMBROSE C. BARTHOLOMEW, Defendant in Error.

### ERROR TO PEORIA.

It is erroneous to instruct a jury that a receipt for three dollars and twenty-five cents, in full of all accounts, is *prima facie* evidence of the payment of three notes given for a much larger amount, expressed on their face to have been given in trust, for the benefit of another party.

THIS is an action of debt, which was brought to the March term, 1856, of the Peoria Circuit Court, on the following notes, viz. :

*Peoria County, Nov.* 18, 1841.

Two years from date, I (or we) promise to pay to Noyes D. Bartholomew or order, for the use and benefit of Betsey Bartholomew, the sum of one hundred and fifty dollars, with six per cent. interest from date, for value received.

A. C. BARTHOLOMEW.

*Peoria County, Nov.* 18, 1841.

Three years from date, for value received, I (or we) promise to pay to Noyes D. Bartholomew or order, for the use and benefit of Betsey Bartholomew, the sum of one hundred and fifty dollars, with six per cent. interest from date.

A. C. BARTHOLOMEW.

*Peoria County, Nov.* 18, 1841.

Four years from date, I (or we) promise to pay to Noyes D. Bartholomew or order, for the use and benefit of Betsey Bartholomew, the sum of one hundred dollars, for value received, with six per cent. interest from date.

A. C. BARTHOLOMEW.

The declaration contained one special count on said notes, and the common counts.

The defendant pleaded the general issue, in which the plain-

tiff joins; payment; that defendant was not indebted within five years; and settlement and receipt in full, in words and figures following:

Received of A. C. Bartholomew, three doll. and twenty-five cents, it being in full of all accounts, notes, whatsoever, up to this date.
*Newburg, August* 23, 1847.                          N. D. BARTHOLOMEW.

Issue joined on the pleas.

There was an affidavit of plaintiff, denying execution of receipt, and the following replications to said last plea:

1. Plaintiff did not account and settle with defendant. Issue joined.

2. Plaintiff did not execute said receipt. Issue joined.

3. Said receipt was given without consideration received to or for the use of said Luzerne or Betsey Bartholomew.

To said third replication defendant rejoins:

1. Said receipt was given for a good and valid consideration in law.

2. Said receipt was given for a good and valid consideration, received by said Betsey or Luzerne Bartholomew, on which plaintiff joins issue.

There was a trial by jury, at November term, 1857, and verdict for defendant.

Motion for new trial, for reasons following: improper evidence admitted for defendant; exclusion of proper evidence offered by plaintiff; erroneous instructions given for defendant; and verdict against law and evidence.

Motion overruled, and exception taken.

On the trial, plaintiff, to maintain the issues on his part, read to the jury without objection, the three notes above set out, and rested.

Defendant offered the following receipt:

Received of A. C. Bartholomew, one dollar, in full of all demands up to this date.                                    LUZERNE BARTHOLOMEW.
*Newburg, Peoria County, May* 19, 1848.

To the reading of which in evidence, plaintiff objected. Court overruled objection, and permitted the same to be read to the jury, and plaintiff excepted.

There was much testimony offered as to the genuineness of the signature to the receipt.

The court instructed for the plaintiff in substance as follows:

1. The receipt of plaintiff being denied under oath, the burden of proof is on the defendant, and unless the jury believe the preponderance of proof favors its genuineness, they will disregard said receipt.

2. If the jury believe, from the evidence, said receipt was given, but that the parties did not intend thereby to cut off the notes sued on, they may disregard said receipt.

3. That the facts, that said receipt, if given, is for much less than the notes; that said notes were left in the hands of the party to whom given, without explanation, and that the notes are for the use of another person than the plaintiff; are all proper to be considered by the jury, in determining the application of said receipt.

4. The jury will not consider the receipt given by Luzerne Bartholomew, unless they believe, from the evidence, that when given, Luzerne was the beneficial holder of said notes, or authorized to receive payment of them, and that the parties intended to include said notes in that receipt.

5. That the discrepancy between the amounts named in said receipts, and the notes sued on, is proper evidence for the consideration of the jury, to show that said notes were not in the contemplation of the parties to said receipts, when given.

6. If the jury find for plaintiff, they will assess the amount of principal and interest due on said notes.

7. It is for the jury to determine, from the evidence, what the parties intended in making said receipts, and if they believe, from the evidence, that the parties did not intend to adjust said notes by said receipts, they will disregard said receipts.

8. Said notes being given for the use of Betsey Bartholomew, was notice to defendant that she was the equitable owner of them at the time they were made.

For the defendant, the court instructed as follows:

1. That the receipt of 23rd August, 1847, is *prima facie* evidence of payment to him of the notes sued on, provided the notes then belonged to him, or provided the defendant had no notice of the equitable assignment of said notes to any other person, and the presumption of law is, that the notes belonged to him, and remained his property, until it is shown by the plaintiff that some other person had an interest in the same, and that the defendant had notice of such interest.

2. The receipt of May 19, 1848, signed by Luzerne Bartholomew, is *prima facie* evidence that the notes sued on were paid and settled at that date; provided said Luzerne had any interest in said notes at that time.

3. That Betsey Bartholomew has nothing to do with this case, and no interest of hers, or supposed interest, can be taken into consideration by the jury.

4. That the several receipts read, except those of 23rd August, 1847, and 19th May, 1848, are only in evidence to test the judgment of the witnesses, and the jury are not authorized

to consider the same by way of comparison, to determine the genuineness of the receipt of 23rd August, 1847.

5. A receipt in full of all demands, is *prima facie* evidence of settlement and payment of all notes and claims then existing between the parties, and in this case, if such receipts have been made, the jury will find for defendant, unless the plaintiff has proved, to their satisfaction, that the notes in question were not included in such settlement and receipts.

6. If the jury believe, from the evidence, that the notes in suit were given and payable to Noyes D. Bartholomew, for the use of Betsey Bartholomew, and that Betsey was the wife of Luzerne Bartholomew, and the defendant paid the notes to Luzerne, then the jury will find for the defendant.

7. The affidavit of Noyes D. Bartholomew, that he did not sign the receipt in question, is no part of the evidence in this cause, and is not proper for the consideration of the jury, for any purpose whatever, but the jury are to determine the question of the genuineness of said receipt, upon the testimony of the witnesses acquainted with the hand-writing of the plaintiff only, and should there be a preponderance of evidence in favor of the genuineness of said receipt, the jury should so find.

To the giving of which instructions for defendant, the plaintiff excepted.

MANNING, MERRIMAN & COOPER, for Plaintiff in Error.

N. H. PURPLE, for Defendant in Error.

CATON, C. J. We think the court erred in instructing the jury that the receipt read in evidence was *prima facie* evidence of the payment of these notes. The three notes together amounted, besides interest, to four hundred dollars, and expressed on their face to be in trust, and for the use and benefit of Mrs. Bartholomew, who was a married woman. The receipt is in these words:

Received of A. C. Bartholomew, three doll. and twenty-five cents, it being in full of all accounts, notes, whatsoever, up to this date.

*Newburg, August 23,* 1847.                    N. D. BARTHOLOMEW.

Had the amount specified in the receipt, corresponded with the amount due on the notes, there would have been a greater probability that it was for the payment of the notes. But in this case, there is no presumption in law, nor, as we think, of fact, that this receipt was designed to operate as a discharge of these notes. The legal and rational presumption is, that it was given upon a general settlement of the personal claims which

he plaintiff had against the defendant, and had no reference to these notes, which he held in trust for a married woman.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*